IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

FILED

February 27, 1998

Cecil W. Crowson
Appellate Court Clerk

TIMOTHY K. BRADY,                    )
                                     )
        Plaintiff/Appellee,          )
                                     )   Appeal No.
                                     )   01-A-01-9707-CV-00308
VS.                                  )
                                     )   Williamson Circuit
                                     )   No. 96760
JAMES M. VALENTINE,                  )
                                     )
        Defendant/Appellant.         )


APPEALED FROM THE CIRCUIT COURT OF WILLIAMSON COUNTY
AT FRANKLIN, TENNESSEE

THE HONORABLE CORNELIA A. CLARK, JUDGE


REBECCA E. BYRD
PETERSEN, BUERGER, MOSELEY & CARSON
306 Court Square
Franklin, Tennessee 37064
        Attorney for Plaintiff/Appellee

ERIC J. MORRISON
STONE & HINDS
700 First American Center
507 Gay Street, S.W.
Knoxville, Tennessee 37902
        Attorney for Defendant/Appellant


REVERSED AND REMANDED


BEN H. CANTRELL, JUDGE


CONCUR:
TODD, P.J., M.S.
KOCH, J.


# O P I N I O N

The only issue we have to decide is whether an appeal of a general sessions judgment gives the circuit court the jurisdiction to award sanctions under Rule 11, Tenn. R. Civ. P. The Circuit Court of Williamson County held that it does not. We reverse and remand the cause for further consideration.

## I.

Timothy K. Brady sued James M. Valentine in the General Sessions Court of Williamson County to collect a promissory note. The court dismissed the claim, and Mr. Brady appealed by executing a $250 cost bond. On December 24, 1996 counsel for Mr. Valentine served a letter on counsel for Mr. Brady asserting that Mr. Brady's claim was clearly barred by the statute of limitations, that the appeal was frivolous, and that unless the appeal was withdrawn within twenty-one days Mr. Valentine would move for sanctions under Rule 11. Mr. Brady did not comply with the demand.

Both sides moved for summary judgment in the circuit court. The court granted Mr. Valentine's motion and made the following findings on the Rule 11 motion:

> 2. That the motion pursuant to Tenn. R. Civ. P. 11 and a letter requesting that the appeal of this cause be withdrawn was served upon plaintiff's counsel more than twenty-one (21) days before the subject motion was filed with the Court, that the Cost Bond signed by plaintiff and plaintiff's counsel and filed in the General Sessions Court for Williamson County, Tennessee constitutes an "other paper" as contemplated by Tenn. R. Civ. P. 11.02, but does not constitute "other paper" filed in this Circuit Court and as such the Court is without sufficient jurisdiction or authority to impose sanctions under Tenn. R. Civ. P. 11;

> 3. That the appeal of this case by plaintiff from General Sessions Court to this Court constitutes a violation of Tenn. R. Civ. P. 11; however, because there was no specific paper filed in this Court with respect to the appeal of the case, the Court is without sufficient jurisdiction or authority to impose sanctions under Tenn. R. Civ. P. 11; and . . . .

## II.

Tenn. R. Civ. P. 11.02 provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Chapter 5 of Title 27 of the Tennessee Code prescribes the procedure for appealing an adverse judgment in the general sessions court to the circuit court. The most important step is the giving of a bond for the prosecution of the appeal. Tenn. Code Ann. § 27-5-103. When the appeal is perfected, it is the duty of the clerk of general sessions court to file the papers in the office of the clerk of the circuit court, Tenn. Code Ann. § 27-5-105, where the appeal shall be heard de novo. Tenn. Code Ann. § 27-5-108.

We think that the appeal procedure brings the appellant within he express provisions of Rule 11.02. By perfecting the appeal -- which obligates the clerk to forward the papers to the circuit court -- the appellant has "presented" to the court all the papers that accompany that filing. The presentation carries with it the

certification described in Rule 11.02(1)--(4). The papers filed in the circuit court included the civil warrant filed in the general sessions court and the cost bond executed to perfect the appeal. If the appeal was taken for an improper purpose, it would, in our judgment, be a violation of Rule 11.

The confusion in this case results from a focus on the requirement in Rule 11.01 that all papers filed in courts of record must be signed. But it is not the signing that carries with it the certification in Rule 11.02; it is the "signing, filing, submitting, or later advocating" a pleading or written motion.

We think the proper procedure from this point is to remand the cause to the circuit court for reconsideration of the Rule 11 motion in light of the holding in this opinion.

The lower court's judgment denying the Rule 11 motion is reversed and the cause is remanded to the Circuit Court of Williamson County for further proceedings. Tax the costs on appeal to the appellee.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
WILLIAM C. KOCH, JR., JUDGE